UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COURTNEY PAUL SAVOY** | **CIVIL ACTION NO. 6:12-cv-2223** |
| **LA. DOC #424060** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE JUDGE  HILL** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Courtney Paul Savoy, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 20, 2012.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Allen Correctional Center in Kinder, Louisiana. Petitioner attacks his 2004 simple burglary of an inhabited dwelling conviction entered by the Fifteenth Judicial District Court for Lafayette Parish, and his subsequent adjudication as an habitual offender, wherein petitioner was sentenced to serve twenty-four years imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

## Background

While unclear, it appears that petitioner was originally charged by Bill of Information with several counts, including four counts of simple burglary of an inhabited dwelling and one count of illegal possession of stolen things.  Prior to trial, the trial court severed the count charging illegal possession of stolen things, finding that this count could not be tried with the simple burglary of an inhabited dwelling counts since the charge required a six man jury, while the other charges required a twelve man jury. Accordingly, that count was assigned a separate docket number, number 93663(2). Petitioner apparently subsequently pled guilty to the illegal possession of stolen things charge.

On May 28, 2004, petitioner was found guilty of one count of simple burglary of an inhabited dwelling following a trial by jury under docket number 93663.  On January 31, 2005, petitioner was sentenced as a multiple offender to serve 24 years imprisonment under docket number 103336.  Petitioner's request for reconsideration of his sentence was denied on March 11, 2005.  Petitioner apparently sought review in the Louisiana Third Circuit Court of Appeal which, on October 27, 2006, ultimately granted petitioner's request for a writ in part, amending petitioner's sentence to reflect that he be ineligible for parole for the first year only, and denied the remaining assignments of error.[1] [rec. doc.

---

[1] Petitioner alleges that he initially filed his writ application without submitting a transcript of the sentencing hearing; that writ application was allegedly denied in June, 2005.  He then allegedly resubmitted his writ application along with the transcript.  The Third Circuit's October 27, 2006 writ decision references a previous unpublished writ denial issued on June 10, 2005 under docket number 05-

10, pg. 16, *State v. Savoy*, KH-06-0701 (La. App. 3rd Cir. 10/27/06)]. Petitioner did not seek further review in the Louisiana Supreme Court.

 Petitioner did not timely file a direct appeal of his conviction or sentence. Rather, petitioner filed several Motions seeking an out-of-time appeal. The first such Motion was filed *pro se* on March 3, 2006 and the second counseled Motion was allegedly filed July 31, 2006[2], both Motions were denied by the trial court on March 8, 2006 and August 1, 2006, respectively. [rec. doc. 10, pg. 17-21 and 33].

 Petitioner also sought an out-of-time appeal through application for post-conviction relief signed by petitioner on May 29, 2007 and filed by the Clerk on June 8, 2007.[3] In that application, petitioner asserted that he received ineffective assistance of counsel because counsel failed to file a motion for appeal, as well as two additional grounds for relief – that he was the victim of an illegal warrantless search of his personal belongings without proper consent and that he was denied a fair trial because the trial court allegedly improperly severed a possession of stolen property charge from his bill of information. That application was summarily denied by the trial court on June 12, 2007. [rec. doc. 10, pg. 22-29].

---

663, in which the court denied petitioner's remaining assignments of error. The Court again denied those assignments of error on October 27, 2006. Petitioner has not provided the Court with a copy of the Third Circuit's June 10, 2005 writ decision.

 [2]Petitioner has not provided the Court with a copy of this Motion.

 [3]Petitioner apparently filed an application for post-conviction relief on March 8, 2007 seeking an out of time appeal; that application was allegedly denied on March 19, 2007 because it was not on the proper form. He re-filed the application utilizing the standardized form on June 8, 2007. [*See* rec. doc. 10, pg. 33].

Petitioner sought writs in the Louisiana Third Circuit Court of Appeal. In his writ application allegedly filed on August 29, 2007, petitioner added several claims not raised in the court below, that he was illegally seized (arrested) without probable cause, that his multiple offender sentence was illegal because his conviction on the predicate offense was obtained through the use of a breached plea agreement, the trial court improperly denied petitioner's motion to withdraw his guilty plea at the multiple offender hearing and that his multiple offender sentence was illegal because he was not advised of the prescriptive period for filing for post-conviction relief. [rec. doc. 10, pg. 30-47].

On October 24, 2007, the Third Circuit granted the writ in part, remanding the case to the trial court for a hearing on petitioner's motions for an out-of-time appeal, and denied the writ "in all other respects." [rec. doc. 9, pg. 17, *State v. Savoy*, KH-07-1062 (La. App. 3rd Cir. 10/24/07)].

A hearing was held on April 7, 2008, at which both petitioner and his counsel testified. At the conclusion of the hearing, the trial court denied petitioner's request for an out-of-time appeal. [rec. doc. 9, pg. 79-94].

Petitioner again sought writs in the Third Circuit. In his writ application, in addition to his claim for an out-of-time appeal, petitioner again raised claims which had previously been rejected by the Third Circuit and were not the subject of the hearing which was the mandated on remand – that he was illegally seized (arrested) without probable cause, that he was the victim of an illegal warrantless search of his personal

4

belongings without proper consent[4], that he was denied a fair trial because the trial court allegedly improperly severed a possession of stolen property charge from his bill of information, that his multiple offender sentence was illegal because his conviction on the predicate offense was obtained through the use of a breached plea agreement and that his multiple offender sentence was illegal because he was not advised of the prescriptive period for filing for post-conviction relief. [rec. doc. 9, pg. 59-77; rec. doc. 10, pg. 49-70].

On July 30, 2008, the Third Circuit denied writs finding "no error in the trial court's ruling." [rec. doc. 9, pg. 58, *State v. Savoy*, KH-08-0658 (La. App. 3rd Cir. 7/30/08)].

Petitioner's request for writs in the Louisiana Supreme Court was denied "on the showing made" on January 29, 2010. [rec. doc. 9, pg. 78, *State v. Savoy*, 2009-KH-0842, 25 So.3d 832 (La. 1/29/10)]. In his writ application, petitioner raised the same claims raised in the Third Circuit. [rec. doc. 10, pg. 72-96].

---

[4] In this pleading, petitioner cites the United States Supreme Court's 2006 decision in *Georgia v. Randolph,* 547 U.S. 103, 117–118, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006) in support of relief. [rec. doc. 9, pg. 73; rec. doc. 10, pg. 63].

Petitioner filed a second post-conviction application on September 23, 2008.[5] [rec. doc. 10, pg. 97-106]. This application was denied on January 12, 2009, following a hearing on the application. [rec. doc. 10, pg. 107-236].

Petitioner's request for writs in the Third Circuit was denied on June 16, 2009, the Court finding, "the trial court did not err by denying [petitioner's] September, 2008 application for post-conviction relief."[6] [rec. doc. 10, pg. 166, *State v. Savoy*, KH-09-0414 (La. App. 3rd Cir. 6/19/09)].

Petitioner sought review in the Louisiana Supreme Court.[7] On August 18, 2010, the Louisiana Supreme Court found the application had been untimely filed pursuant to

---

[5]Petitioner raised the following claims which were raised in his first application: that he was illegally seized (arrested) without probable cause, that he was the victim of an illegal warrantless search of his personal belongings without proper consent, that he was denied a fair trial because the trial court allegedly improperly severed a possession of stolen property charge from his bill of information, that his multiple offender sentence was illegal because his conviction on the predicate offense was obtained through the use of a breached plea agreement and that his multiple offender sentence was illegal because he was not advised of the prescriptive period for filing for post-conviction relief. He additionally raised the following claims: that his sentence was excessive, prosecutorial misconduct based upon the prosecutor's having allegedly stated that petitioner's co-defendant had nothing to gain from his testimony against petitioner when the co-defendant was subsequently placed in a diversion program and his charges were dismissed, ineffective assistance of counsel for failing to file a motion to withdraw petitioner's plea to the predicate offense, not objecting to the State's closing in which the prosecutor allegedly "vouched" for a witness and pointed out the length of time petitioner had to "come up with a story" and statements about witnesses who testified viewing petitioner at the scene, failed to call an alibi witness who would have testified petitioner was not at the scene, failing to move for recusal of the Assistant District Attorney on grounds that her husband had previously represented petitioner and failed to argue that petitioner had been illegally arrested during the suppression hearing, and that his right to a fair trial had been violated by the State's argument that petitioner had a long time to make up a story.

[6]Petitioner raised the same claims he asserted in the lower court, with the exception of his claim that counsel was ineffective for failing to object to the prosecutor's statements about witnesses who testified viewing petitioner at the scene, and failing to call an alibi witness who would have testified petitioner was not at the scene. [rec. doc. 10, pg. 128-159].

[7]Petitioner raised the same claims raised in the Third Circuit. [rec. doc. 10, pg. 167-199].

Louisiana Code of Criminal Procedure article 930.8, citing both the article and *State ex rel. Glover v. State*, 93–2330, 660 So.2d 1189 (La. 9/5/95) as the basis for its decision. [rec. doc. 9, pg. 51, *State of Louisiana ex rel. Courtney Savoy v. State of Louisiana*, 2009-KH-2016, 42 So.3d 390 (La. 8/18/2010)].

Petitioner filed a third application for post-conviction relief on April 20, 2009 based on alleged newly discovered evidence – that court Minutes obtained at the January 12, 2009 hearing on his second application for post-conviction relief revealed that the trial judge had *ex-parte* contact with the jury during deliberations. [rec. doc. 10, pg. 203-209]. This application was summarily denied, without an evidentiary hearing, on May 28, 2009, the court finding the application "not timely and not in proper form." [rec. doc. 10, pg. 209].

Nearly one year later, on March 24, 2010, petitioner re-filed his post-conviction application asserting the same claim based on the trial judge having allegedly had *ex-parte* contact with the jury during deliberations. [rec. doc. 10, pg. 210-215]. The application was denied by the trial court on June 17, 2010 because the application was untimely. [*See* rec. doc. 10, pg. 219].

Petitioner's request for writs in the Third Circuit was denied on November 2, 2011, the Court finding, "no error in the trial court's ruling." [rec. doc. 10, pg. 227, *State v. Savoy*, KH-10-1245 (La. App. 3rd Cir. 11/2/11)].

Petitioner sought review in the Louisiana Supreme Court. [rec. doc. 10, pg. 228-235]. On July 27, 2012, the Louisiana Supreme Court found the application had been

7

untimely filed pursuant to Louisiana Code of Criminal Procedure article 930.8, citing both the article and *State ex rel. Glover v. State*, 93–2330, 660 So.2d 1189 (La.9/5/95) as the basis for its decision. [rec. doc. 9, pg. 52, *State of Louisiana ex rel. Courtney Savoy v. State of Louisiana*, 2011-KH-2690, 93 So.3d 595 (La. 7/27/2012)].

Petitioner did not date his federal *habeas* petition; the petition is post-marked on August 17, 2012[8] and it was received and filed by the Clerk of this Court on August 20, 2012. Petitioner asserts the following claims for relief: (1) that he had been illegally seized (arrested) without probable cause; (2) that he was the victim of an illegal warrantless search of his personal belongings (without proper consent from petitioner or his co-defendant); (3) ineffective assistance of counsel because counsel failed to file a motion for appeal[9], failed to file a written motion to withdraw petitioner's plea on the conviction which was used to enhance his sentence as a multiple offender, and failed to object during the State's closing argument; (3) that the trial court had *ex parte* contact with the jury during deliberations; (4) due process violation based on the trial court's alleged improper severance of a possession of stolen property charge from the bill of information; (5) that his multiple offender sentence was illegal and in violation of due process because his conviction on the predicate offense was obtained through the use of a breached plea agreement, and the trial court improperly denied petitioner's oral motion to

---

[8]The scanned copy of the envelope does not adequately reveal the date of post-mark. [rec. doc. 1, pg. 22]. A clearer scanned copy of the envelope is attached hereto as Court Exhibit 1.

[9]Petitioner complains that his attorney committed perjury at the post-conviction hearing testifying that petitioner told him not to appeal.

withdraw his guilty plea at the multiple offender hearing; and (6) prosecutorial misconduct because the prosecutor misled the jury by suggesting that petitioner's co-defendant would be prosecuted to lend credibility to his testimony, but then dismissed the charges after petitioner's trial.

## Law and Analysis

*Federal One-Year Limitation Period*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for

post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period.") *citing Flanagan v. Johnson*, 154 F.3d 196, 197 at fn. 1 (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation."). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In light of the above procedural history, petitioner's conviction and sentence became final, at the latest, on November 27, 2006, thirty days after the Third Circuit ultimately granted petitioner's request for a writ in part on October 27, 2006, amending petitioner's multiple offender sentence to reflect that he be ineligible for parole for the first year only, when the delay for seeking further review in the Louisiana Supreme Court expired. *See* La. S.Ct. Rule X, § 5(a); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until November 27, 2007, to file for relief in this Court.

During this one year period, petitioner filed his first post-conviction Motion seeking an out-of-time appeal on March 3, 2006 and his first post-conviction application seeking an out-of-time appeal, at the earliest, on May 29, 2007. These post-conviction

proceedings were ultimately concluded on January 29, 2010, when the Louisiana Supreme Court denied petitioner's request for writs.  Assuming these pleadings may be considered "properly filed" applications for state post-conviction relief, the federal one-year limitation period was tolled from November 27, 2006, the latest date on which petitioner's conviction and sentence became final, until January 29, 2010, the date petitioner's request for writs in the Louisiana Supreme Court was denied.

      While petitioner thereafter filed two more post-conviction applications, on September 23, 2008 and April 20, 2009 (which was re-filed on March 24, 2010), these state collateral attacks were ultimately construed by the Louisiana Supreme Court as untimely filed applications for post-conviction relief.  Thus, the one-year federal limitation period was not statutorily tolled during the time period that these proceeding remained pending because the pleadings cannot be deemed "properly filed" applications for post-conviction relief under § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state application for post-conviction relief as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling pursuant to §2244(d)(2)); *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir. 2008) *citing Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Petitioner did not file the instant federal petition for *habeas corpus* relief until, at the earliest, August 17, 2012. By that time, however, the federal one-year limitation period had expired; a period of over two and one half un-tolled years had elapsed after the conclusion of petitioner's first post-conviction proceeding, during and after the pendency of petitioner's not "properly filed" second and third state collateral attacks.  Therefore, under § 2244(d)(1)(A), giving petitioner the benefit of statutory tolling, it is clear that the instant  federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.

Petitioner argues that his illegal search claim is based on the United States Supreme Court's 2006 decision in *Georgia v. Randolph,* 547 U.S. 103, 117–118, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), and therefore the limitation period should be determined under § 2244(d)(1)(C). [*See* rec. doc. 9, pg. 6].  However, the record reveals that petitioner cited *Georgia v. Randolph* in his first round of state post-conviction proceedings which concluded on January 29, 2010. [*See* rec. doc. 9, pg. 73; rec. doc. 10, pg. 63].  He did not file for federal relief within one year of that date.  The fact that petitioner raised the same claim in his second untimely application for post-conviction relief in September 2008, over two years after the *Georgia v. Randolph* decision was rendered, is of no moment.

Furthermore, petitioner has not shown that a constitutional right was newly recognized by the Supreme Court in *Georgia v. Randolph,* nor that any such right was

made retroactively applicable to cases on collateral review. *See Atkisson v. Quartermann*, 2007 WL 2907267, *1 (N.D. Tex. 2007); *Eustis v. Quarterman*, 2009 WL 464077, *13 (S.D. Tex. 2009); *Bell v. Keller*, 2011 WL 845913, *4 (E.D. N.C. 2011); *Mercado v. Lempke*, 2009 WL 2482127, *10 (S.D. N.Y. 2009) *citing Robinson v. Mauney*, 2008 WL 766211, *3 (D. S.C. 2008). Thus, § 2244(d)(1)(C) provides petitioner no relief.

Petitioner also argues that his *ex-parte* communication claim should be deemed timely under § 2244(d)(1)(D). [*See* rec. doc. 9, pg. 7]. Petitioner argues that he was unaware of the facts underlying this claim until he received a copy of the trial court's Minutes during the January 12, 2009 hearing on his second post-conviction application. However, the minutes belie petitioner's argument. The Minutes demonstrate that while the jury was deliberating, they submitted three written requests to the Court, the last such request was for the judge to visit. The Minutes clearly demonstrate that upon receipt of each such request, petitioner and his counsel were notified in open court and each written request was filed into the record. [rec. doc. 9, pg. 34-35].

Thus, it appears that petitioner knew the facts supporting this claim for relief at the time of his trial on May 28, 2004. However, he failed to raise this claim until over five years later. Accordingly, petitioner has failed to establish that he could not, by exercising due or reasonable diligence, discover the factual predicate of his claim prior to 2009 when he filed his third post-conviction application. Accordingly,§ 2244(d)(1)(D) affords petitioner no relief.

Petitioner additionally claims that under § 2244(d)(1)(D) he could not have discovered his counsel's ineffectiveness in failing to file a notice of appeal until counsel allegedly committed perjury during the April 7, 2008 hearing on petitioner's first round of post-conviction relief, testifying that petitioner expressly instructed him not to file an appeal. [*See* rec. doc. 9, pg. 8]. The record likewise belies this argument since it is clear that petitioner knew no appeal had been filed on his behalf as early as March 3, 2006 when he filed a *pro se* Motion seeking an out of time appeal. Thus, § 2244(d)(1)(D) is inapplicable.

In light of the above, giving petitioner the benefit of every doubt, it is clear that the instant federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.[10]

*Equitable Tolling*

Petitioner also argues that he is entitled to equitable tolling based on his attorney's alleged perjury during the April 7, 2008 hearing on petitioner's first post-conviction application, wherein he testified that petitioner instructed him not to file an appeal, and the Assistant District Attorney's alleged knowledge that this testimony was false. [rec. doc. 9, pg. 12].

---

[10]The other subdivisions of § 2244(d)(1) do not even arguably apply in this case. Nothing supports an argument that any State created impediments prevented the filing of this petition. *See* 28 U.S.C. § 2244(d)(1)(B). Accordingly, this subsection is not addressed herein.
    Petitioner makes several arguments as to why his claims are not procedurally defaulted. However, because the undersigned finds the petition is untimely, those arguments need not be addressed.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). To establish his entitlement to equitable tolling, a petitioner must "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) *quoting Holland v. Florida*, ––– U.S. –––, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted); *See also Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) and *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). However, "equity is not intended for those who sleep on their rights." *Manning,* 688 F.3d at 183 *quoting Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir.2010) *quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). Further, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or so exceptional as to provide a basis for equitable tolling. Moreover, the undersigned cannot find that petitioner pursued his rights diligently. Petitioner's conviction and sentence became final, at the latest, in November 2006, yet he waited nearly six years before filing for relief in this court. Furthermore, the undersigned cannot find that petitioner exercised

due diligence to bring his ineffective assistance of counsel claim for failure to file a direct appeal before this court. Petitioner did not file for relief in this Court until over two and one half years after the claim had been denied by the Louisiana Supreme Court to seek relief in this Court. Accordingly, petitioner is not eligible for equitable tolling.

For the reasons set forth above;

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed July 10, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 7/14/2014
By: MBD

17